UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:07CR53 HEA |
| DEVIN C. WILSON, | ) | |
| Defendant. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 61], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b), in which Judge Adelman recommends that Defendant's Motion to Suppress Evidence, [Doc. No. 37], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to

the audio recordings of the hearing held on July 17, 2007 and October 16, 2007

**Discussion**

Defendant objects to Judge Adelman's conclusion of law that the certain items seized during a search of Defendant's residence and car, *to wit*, a cell phone and video tapes, were not illegally seized.[1]  Defendant argues that the warrant did not name these items with the required particularity.  Further, Defendant argues that the incriminating nature of the items was not immediately apparent, and therefore the seizure does not fall within the plain view doctrine.

In *Coolidge v. New Hampshire,* the Supreme Court held that "under certain circumstances the police may seize evidence that is in plain view without a warrant." 403 U.S. 443, 465 (1971).  However, the Supreme Court is cautionary, that "the problem with the 'plain view' doctrine has been to identify the circumstances in which plain view has legal significance rather than being simply the normal concomitant of any search, legal or illegal." *Id.*  "The plain view doctrine permits law enforcement officers to seize evidence without a warrant when (1) the officer did not violate the Fourth Amendment in arriving at the place from

---

[1] Defendant initially moved to suppress a seized gun.  In his supplemental memorandum in support of his motion to suppress, Defendant concedes that the gun was "arguably" within the plain view doctrine.  In his conclusion to this memorandum, Defendant seeks suppression of only the video tapes and cell phone.  The Court, therefore denies the Motion to Suppress as to the gun, without further discussion.

which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *United States v. Weinbender,* 109 F.3d 1327, 1330 (8th Cir.1997). *United States v. Weinbender,* 109 F.3d 1327, 1330 (8th Cir.1997); *United States v. Collins,* 321 F.3d 691, 694 (8th Cir.2003); *U.S. v. Poe,* 462 F.3d 997, 999 -1002 (8th Cir 2006).

"The 'immediately apparent' requirement means that officers must have 'probable cause to associate the property with criminal activity.' " *United States v. Hatten,* 68 F.3d 257, 261 (8th Cir.1995), *cert. denied,* 516 U.S. 1150 (1996), (quoting *United States v. Garner,* 907 F.2d 60, 62 (8th Cir.), *cert. denied* 498 U.S. 1068 (1991)). "Probable cause demands not that an officer be 'sure' or 'certain' but only that the facts available to a reasonably cautious man would warrant a belief 'that certain items may be contraband or stolen property or useful as evidence of a crime.' " *Id.,* (quoting *Garner,* 907 F.2d at 62, in turn quoting *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)).

Defendant takes issue with Judge Adelman's finding and conclusion that the cell phone and videotape's incriminating nature was immediately apparent. The evidence adduced at the hearings, however, deflates Defendant's argument, rendering it limp, lifeless, and without any relevant effect. The alleged victim, a

minor, advised the police officers that Defendant had forced her to have sex with another female and had videotaped her doing so. Further, she advised the police that Defendant had taken sexually explicit pictures of her and had taped her having oral sex with a male with his cell phone. Based on this information the police officers had probable cause to believe the videotape and the cell phone contained incriminating evidence. But for this information, there would be no reason to seize the items. However, due to the information, probable cause existed and thus, the incriminating nature of the items was immediately apparent, and the seizure of them was within the plain view doctrine. Defendant's objection, much to his chagrin, is therefore overruled.

## **Conclusion**

Having conducted a *de novo* review of the Motion and the record before the court, Defendant's objections are overruled. The Court, therefore will adopt Judge Adelman's well-reasoned Recommendations.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Evidence, [Doc. No. 37], is **DENIED.**

Dated this 5th day of February, 2008.

_____
 HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE